**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| LOUISE GALBREATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV97-S-3051-M |
| | ) |
| ED HAMLET, HELEN HAMLET, | ) |
| HAMLET'S, INC., HAMLET'S | ) |
| CUSTOM EMBROIDERY, | ) |
| NATIONAL EMBROIDERY BOBBIN, | ) |
| | ) |
| Defendants. | ) |

ENTERED

APR 1 4 1998

### MEMORANDUM OPINION

Louise Galbreath, who represents herself *pro se*, seeks damages

pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, for

alleged copyright infringement by defendants.[1]   Her claims are

based upon literary works effectively registered with the United

States Copyright Office on November 27, 1995 (Complaint, Exhibit B:

Copyright Registration No. TX4-259-824), and June 5, 1996 (*id.*,

Exhibit A: Copyright Registrations No. TX4-285-320).

Defendants[2] have moved for summary judgment.   They assert

plaintiff is judicially estopped from asserting her claims, because

she filed for bankruptcy on November 18, 1996, and represented to

the bankruptcy court that she possessed no assets, including

---

[1]She further claims that the alleged infringement amounted to "unfair
competition" and a breach of "Feduciary [sic] Relationship with plaintiff."
(Amended complaint at 1.)

[2]Defendants Ed Hamlet and Helen Hamlet are the apparent shareholders of
Hamlet's, Inc., which also does business under the names Hamlet's Custom
Embroidery and National Embroidery Bobbin.   (See brief in support of summary
judgment at 1 n.1.)

copyrights or claims for copyright infringement.[3] Upon consideration of the pleadings, briefs, and evidentiary submissions, this court concludes defendants' motion is due to be granted.

## I. FACTS

Louise Galbreath is the president of Sew Fast Products, Inc., a corporation with offices in Valley Head, Alabama. Galbreath developed disposable bobbins (or spools) of pre-wound thread which Sew Fast marketed under the name "Bobbets." Galbreath allegedly created the following advertisement in 1989 to promote the product:

> Throw away plastic bobbins, prewound
> Will always give you smooth, trouble free stitching.
> No fuzz or lint-wax buildup in bobbin case.
> No jerks or jamming.
> Use with any top thread or fabric.
> No distorted flanges due to humidity.

(Complaint at 1, exhibit A.) Galbreath allegedly amended that advertisement in 1994 to read as follows (changes underlined):

> Throw away plastic bobbin, prewound
> Will always give you smooth, trouble free stitching.
> No fuzz or lint-wax buildup in bobbin case.
> No jerks or jamming <u>from distorted flanges</u>.
> Use with any top thread or fabric.
> No distorted flanges due to humidity <u>or oiling</u>.

(*Id.*) She registered the advertisement with the United States Copyright Office on June 5, 1996. (*Id.*) Galbreath also obtained

---

[3]Also before this court are the "motion for summary judgement [sic] by plaintiff," and motion to strike filed by defendants. A careful review of plaintiff's motion reveals that it actually is a response to defendants' motion for summary judgment. To the extent that it requests this court to find "there is a genuine issue of material fact," that motion is due to be denied. Defendants' motion to strike is based upon the premise that plaintiff makes material misrepresentations to this court in opposing summary judgment. This court finds no such misrepresentations, and the motion to strike is due to be denied.

2

a copyright registration for the following amendment to her advertisement:

Is new — Its needed — Its a money maker.
Less down time — more profit.
No resetting of tension as thread mass is reduced.

(Complaint at 1, exhibit B.[1])

Galbreath alleges she made several shipments of "Bobbets" to defendants in 1994 and 1995, and enclosed copies of her advertisements with each shipment. (Complaint at 1-2.) Defendants began manufacturing their own prewound bobbins in April of 1995, and allegedly distributed advertisements which infringed upon Galbreath's copyrights from February 1995 until December 1995. (Complaint at 2.)

Galbreath filed a petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Alabama on November 18, 1996. (Defendants' exhibit A in support of summary judgment.) Attached to that petition was a form approved by the bankruptcy court on which Galbreath purported to schedule all of her assets. Galbreath represented in that schedule that she possessed "none" of the following assets:

n.    Patents, copyrights, licenses, franchises and other general intangibles (specify all documents and writings relating thereto)

. . .

---

[1] Due to a procedural error, the amendment to the advertisement was registered with the Copyright Office on November 27, 1995: more than six months before the effective date of registration for the original. (See complaint exhibit B; plaintiff's response to defendants' motion to strike at 2.)

3

q.   Contingent and unliquidated claims of every nature,
including counter-claims of the debtor (give estimated
value of each)

. . .

v.   Equitable and future interests, life estates and
rights or powers exercisable for the benefit of debtor
(other than those listed in schedule B-1) [specify all
written instruments relating thereto]

(Defendants' exhibit B in support of summary judgment at 4-5.)   The

bankruptcy trustee filed a "no assets" report (defendants' exhibit

C in support of summary judgment), and the bankruptcy court granted

plaintiff a Chapter 7 discharge on February 22, 1997.   (Defendants'

exhibit D in support of summary judgment.)

        Louise Galbreath now claims she did not own the copyrights on

the date she filed for bankruptcy.   She instead asserts that she

had assigned a "100% interest" in the copyrights to Sew Fast

Products on January 5, 1995: one month before defendants' alleged

infringements occurred and 22 months before she filed for

bankruptcy.   (See complaint at 2.)   However, the text of the

document executed by Galbreath demonstrates that she did not assign

the copyrights unconditionally:

        Assignee [Sew Fast] shall keep the copyrights free
from legal process or encumbrance.   In the event that
Assignee becomes insolvent or bankrupt, title to the
above named copyrights will revert to Louise Galbreath
and or her heirs.   Assignee being insolvent or bankrupt
is to be determined by the Board of Directors and at such
time the legal title to copyrights will revert back to
Louise Galbreath.

        Assignee may not assign the Patent and copyrights
without the consent of Louise Galbreath or her heirs.

4

In the event that it becomes necessary to prosecute
infringement of the copyrights, Assignor [Galbreath]
agrees to file suit against infringer and Assignee agrees
to cover all expenses of such litigation.

(Plaintiff's exhibit Q in opposition to summary judgment.)

Sew Fast reassigned the copyrights to Galbreath two years

later.   The following is recorded in the March 10, 1997 minutes of

its board of directors:

The President [Louise Galbreath] reported that she
had been unable to get an attorney to represent the
corporation without a retainer of $5,000.00 up front and
it appears that this figure will be needed for each of
the suits needed.

...

Due to the circumstances the suits can not be filed
for corporation without an attorney, therefore if suits
are to be filed they will have to be filed by an
individual pro se.

Louise Galbreath volunteered to do the best she
could in filing the suits needed before the Statute of
Limitations barred suits.

Therefore it was

RESOLVED that title to the copyrights and patent
assigned to corporation on January 5, 1995 be assigned
back to Louise Galbreath so that she can file the suits
needed pro se.

...

RESOLVED that the corporation is declared bankrupt
by the Board of Directors as per Assignment Agreement
dated January 5, 1995.

(Plaintiff's exhibit R in opposition to summary judgment.)   Gerald

Galbreath, vice president of Sew Fast, executed the following

assignment to Louise Galbreath that same day:

5

## ASSIGNMENT OF COPYRIGHTS

For $10.00 and other valuable considerations, Sew Fast Products, Inc. of 6499 Hwy 137, Valley Head, Al. (hereinafter Assignor) hereby sells, assigns, transfers, and sets over unto Louise Galbreath, of 6499 Hwy 137, Valley Head, Al. and her successors or assigns (hereinafter Assignee), 100% of the following.

Assignor's right, title and interest in and to the copyrighted works entitled, "Bobbet" the throw away plastic bobbin, will always give you smooth, trouble free stitching, produced by Louise Galbreath.

The copyright certificates signed by Louise Galbreath on 11-20-95, and issued 6-5-96, Serial number TX-285-320 and TX4-259-824.

Assignor hereby further sells, assigns, transfers and sets over unto the Assignee, Assignor's entire right, title and interest in and to said copyrights in each and every country foreign to the United States.

Assignor agrees to execute all papers, give any required testimony and to perform all lawful acts as assignee may require, to enable Assignee to perfect Assignee's interest in the above mentioned copyright Certificates of the United States and countries foreign thereto and to acquire, hold, enforce, convey and uphold the validity of said copyright Certificates, and Assignee's interest therein.

(Plaintiff's exhibit S in opposition to summary judgment.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ..." Rule 56(c), Fed.R.Civ.P. (emphasis added). The movant bears the initial burden of showing the court, by reference to

6

materials on file, that no genuine issues of material fact exist to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The moving party discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995)(*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553. When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Jeffery*, 64 F.3d at 593.

In deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also, to resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted). Moreover, evidence that is merely colorable, *see Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, *see*

7

*Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2512.

### III.  ANALYSIS

### A.  Failure to Disclose Claims Against Defendants

Defendants contend that Louise Galbreath is judicially estopped from asserting her copyright claims, because she failed to disclose those claims to the bankruptcy court.

> Judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings.

8

*McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1192 (11th Cir. 1991)(quoting *American National Bank v. Federal Deposit Insurance Corp.*, 710 F.2d 1528, 1536 (11th Cir. 1983)).

Two leading decisions applying the doctrine to similar facts are *Oneida Motor Freight, Inc.*, 848 F.2d 414 (3rd Cir. 1988), and, *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993). In both cases, the plaintiffs failed to disclose claims against third parties to the bankruptcy court and, after discharge, filed suit against the third parties. In both cases, the courts held that judicial estoppel barred the subsequent actions.

Louise Galbreath's initial assignment of the copyrights to Sew Fast provided:

> In the event that it becomes necessary to prosecute infringement of the copyrights, Assignor [Galbreath] agrees to file suit against the infringer and Assignee agrees to cover all expenses of such litigation.

(Plaintiff's exhibit Q in opposition to summary judgment.)  As president of Sew Fast Products, Inc., Louise Galbreath knew of the acts constituting alleged infringement as early as April 1, 1995. (*See* Plaintiff's exhibit H in opposition to summary judgment [Apr. 1, 1995 letter demanding that defendant Ed Hamlet cease infringement].)  She thus knew of the possibility that she would personally be required to file suit to remedy the alleged infringement.  Yet, she failed to disclose that contingent claim when she filed for bankruptcy protection on November 18, 1996.

9

This court finds a calculated assertion of divergent sworn positions. Louise Galbreath knew that she possessed a "contingent and unliquidated claim" against defendants, but failed to disclose it to the bankruptcy court. She now asserts that claim in this court. Accordingly, she is judicially estopped from doing so.

**B. Failure to Disclose Reversionary Interest to Bankruptcy Court**

Defendants also argue that Galbreath should be judicially estopped from asserting her rights in this action, because she did not disclose her reversionary interest in the copyrights to the bankruptcy court. That argument has merit, because Galbreath's standing in this action must be based upon her reversionary interest, rather than the alleged reassignment from Sew Fast Products, Inc.

All infringements allegedly occurred when Sew Fast Products, Inc. was the owner of the copyrights. For assignment of accrued causes of action for copyright infringement to be effective, the assignment must "cover in no uncertain terms choses in action for past, prior, accrued damages." *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969)[5]; *see also ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991)("a copyright owner can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them"); *Infodek, Inc. v.*

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

*Meredith-Webb Printing Co.*, 830 F.Supp. 614, 620 (N.D. Ga. 1993). The assignment of copyrights from Sew Fast Products, Inc. to Louise Galbreath contains no language conveying the right to sue for "past, prior, accrued damages." Thus, Galbreath would not have standing to sue if the assignment were the basis for her rights.

The reassignment was superfluous, however, because the copyrights automatically reverted to Galbreath when the board of directors made a finding of bankruptcy. Thus, the issue becomes whether Galbreath's failure to disclose her reversionary interest to the bankruptcy court judicially estops her from relying upon that interest as the basis for her standing in the present action. This court thinks it does.

Plaintiff represented to the bankruptcy court that she owned no copyrights, and that she owned no future interests of any kind. Thus, she disclaimed all ownership interest in the copyrights. Yet, she now relies upon that interest to pursue her claims against defendants. Such a calculated divergence of sworn positions is impermissible.

### IV. UNFAIR COMPETITION AND BREACH OF FIDUCIARY DUTY

Defendants have not specifically moved for summary judgment on Louise Galbreath's claims for unfair competition and breach of fiduciary duty. Even so, both claims are dependent upon a finding of copyright infringement:

> Count 11 – Plaintiff charges Defendant with Unfair
> Competition as infringement is unfair competition.

11

Count 12 - Plaintiff charges Defendant with violating his Feduciary [sic] Relationship with the Plaintiff. The Infringement [sic] was a substantial and unfair use of Plaintiff's work.

(Amended complaint). This court has found that Louise Culbreath is judicially estopped from asserting copyright infringement in this action. Therefore, the remaining counts of her complaint fail to state a claim upon which relief can be granted and, accordingly, also are due to be dismissed. *See* Fed.R.Civ.P. 12(b)(6).

### V. CONCLUSION

For the foregoing reasons, this court concludes summary judgment is appropriate on all claims. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the __14th__ day of April, 1998.

United States District Judge